**WHALEY et v REDIGER et**

Ohio Appeals, 6th Dist, Williams Co

No. 196.   Decided April 14, 1931

C. L. Newcomer, Bryan, for Whaley et.
C. T. Stahl, Fremont, for Rediger et.

RICHARDS, J.

The Court of Common Pleas held that as to the open account representing the indebtedness owing by the defendant to the plaintiff arising out of conducting their partnership business, the plaintiff was entitled to a preference but that the three promissory notes mentioned represented the individual indebtedness owing by the defendant to the plaintiff George W. Whaley, and that as to such indebtedness the plaintiff stood merely in the relation of an individual creditor of the defendant as an individual debtor. Not being able to distinguish this case from **Brown, et al, v Brown, 107 Oh St, 228,** this court is compelled to reach the same conclusion. The basis of the decision of the Supreme Court in the case cited is that the indebtedness of the defendant was his individual obligation. One of the notes was signed by him individually ,payable to the plaintiff, one was signed by him as principal with a third party as surety, payable to the plaintiff, and one was an obligation which he gave to a bank, signed by the plaintiff as surety, which indebtedness he was obliged to pay. Under authority of that case, a judgment and decree will be entered finding that the indebtedness of the defendant on the promissory notes is his individual indebtedness only, to be paid with other personal debts.

Decree accordingly.

LLOYD, J. concurs.

WILLIAMS, J, dissents.

WILLIAMS, J, dissenting:

The writer feels that it was never the intention that the principle announced in

Brown v Brown, 107 Oh St, 228, should apply here, for, in the instant case, merely the adjustment of the equities between the partners is involved; and, as he who seeks equity must do equity, even the trustee in bankruptcy could not take the fund belonging to the bankrupt partner without doing equity in an accounting to the other party. All the transactions related to partnership property and the fund in the hands of the court should be so divided as to give each his just share. In making division of the fund, an allowance should be made for advancements made by plaintiff partner for purchase of partnership property by the other partner, in accordance with equity and good conscience.